WARD et al. v. THE FRICK COMPANY.

It being, under the pleading act of 1893, the duty of the judge of the superior court at each regular term to call all cases on the appearance docket, and hear and determine all objections made to the

sufficiency of petitions and pleas, it is incumbent upon plaintiffs to make at that term their exceptions to pleas filed. Consequently, where to an action upon an unconditional contract in writing a plea was filed at the first term, which set forth a good defense, but was not sworn to by the defendants, and no objection was then made to it because of this defect, the plaintiff will be held to have waived the same so far as that term is concerned; and if at a subsequent term he moves to strike the plea because of such defect, the court should then allow the defendants to complete the plea by a proper verification.

June 10, 1895.

Complaint on note.   Before Judge SWEAT.   Coffee superior court.   October term, 1894.

WARD & DART, for plaintiffs in error.

G. J. HOLTON & SON, *contra.*

ATKINSON, Justice.

The pleading act of 1893 (Acts 1893, p. 56) is highly remedial in its purposes. It was not designed to advance the interests of plaintiffs alone, but its purpose, while simplifying procedure, was to make more speedy the trial of civil cases by rendering more certain the issues to be tried. It therefore requires that all exceptions to declarations and pleas shall be heard and determined at the first term; and before they can be heard, they must at that term first be taken. If the declaration of the plaintiff is insufficient in law, or if for any reason the same be not sufficiently full to enable the defendant to plead thereto, he shall make exception at the first term, and, failing in this, will be held to have waived any objection to the declaration curable by amendment. Inasmuch as all exceptions to pleas are likewise required to be heard and determined at the first term, it is the duty of the defendant at that term to make his appearance and file such pleas as he may deem proper to his defense. If the plaintiff does not at that term except to the sufficiency of such pleas, he will be held to have waived any objection thereto which may be cured by subsequent amendment. For this reason, when a

defendant was sued upon a promissory note unconditional in its terms, appeared and at the first term filed a substantial defense to the merits of the plaintiff's cause of action, but omitted to swear to the same, no objection having been filed to this plea at the first term, 'the plaintiff will be held to have waived this defect; and at a subsequent term of the court, when the cause was called in its order, it was proper that the court should allow the defendant then to make oath thereto. The present case illustrates the wisdom of the principle upon which the statute under review is predicated. It prevents either party being taken by surprise, and places the responsibility upon the respective parties of taking at the first term such exceptions to the pleadings of the other as will entitle them to the complete remedial operation of this statute.

Let the judgment of the court below be    *Reversed.*