## RILEY v. SOUTHERN FEMALE COLLEGE.

Where to an action against two defendants on an unconditional contract in writing a plea is filed in the name of both defendants, but is sworn to by only one, and no effort is made by the other defendant to amend the plea by adding thereto his verification, the trial court is bound to render judgment against such defendant; and this is so although no objection to the plea was made by the plaintiff at the return term.     *Ward* v. *Frick*, 95 *Ga.* 804, distinguished.

Argued October 13, — Decided October 30, 1903.

Complaint. Before Judge Hodges. City court of Macon. June 23, 1903.

*M. G. Bayne*, for plaintiff in error.     *Steed & Ryals*, contra.

CANDLER, J.  Suit on two unconditional promissory notes was instituted in the city court of Macon, by the Southern Female College against George S. Riley and Eula H. Riley.  The defendants filed an answer, setting up, as to George S. Riley, that he had been adjudicated a bankrupt in the district court of the United States for the southern district of Georgia, and would soon be discharged from the debt sued on, and praying that he be allowed to plead his discharge in bar of the action at the trial term.  The answer further denied liability on the part of Eula H. Riley, on the ground that the debt evidenced by the notes sued on was that of her husband, George S. Riley. This plea was sworn to by George S. Riley, but not by Eula H. Riley.  From the bill of exceptions it appears that "upon the hearing of said case the court refused the plea of Eula H. Riley, upon the ground that the same was not sworn to by her, and entered up the judgment against her, setting out in the judgment, 'there being no issuable defense filed on oath by the defendant Eula H. Riley,' etc."  To the refusal of the court to consider her plea, and to the rendition of the judgment against her, Eula H. Riley excepts.

The position taken by counsel for the plaintiff in error is that as no objection was made to Mrs. Riley's plea at the return term of the case, any defect therein was waived; and in support of that position the case of *Ward* v. *Frick*, 95 *Ga.* 804, is cited.  There it was held, that, "where to an action upon an unconditional contract in writing a plea was filed at the first term, which set forth a good defense, but was not sworn to by the defendants, and no ob-

jection was then made to it because of this defect, the plaintiff will be held to have waived the same so far as that term is concerned; and if at a subsequent term he moves to strike the plea because of such defect, the court should then allow the defendants to complete the plea by a proper verification." In the present case, however, it does not appear that at any time Mrs. Riley offered to amend or complete her plea by adding thereto her verification. On the contrary, she seems to have stood by and made no motion until judgment was rendered against her, when, for the first time, she is heard to complain that the court did not consider her unsworn plea. It is self-evident, of course, that her husband's affidavit of the truth of the plea will not avail to relieve her of the necessity of likewise swearing to the truth of its contents so far as it concerns her. The facts of this case clearly take it out of the ruling in *Ward* v. *Frick*, supra, and it is difficult to see how, under the plain provisions of the Civil Code, §§ 5076, 5848, the court below could have done otherwise than it did.

*Judgment affirmed. All the Justices concur.*