## HIGH SHOALS MANUFACTURING COMPANY *v.* PENICK, tax-collector, *et al.*

1. The Political Code, § 826, as amended by the act approved August 15, 1904 (Acts 1904, p. 54), makes two general classifications of personal property as respects its situs for taxation: (*a*) Personalty disconnected from a business enterprise conducted in a county other than that of the owner's residence is taxable in the county of the owner's residence. (*b*) Personalty connected with a business enterprise, located on land in a county other than that of the owner's residence, is taxable in the county where such business enterprise is conducted.
2. By the 8th section of the general tax act for 1905 (Acts 1904, pp. 36, 37), where the real estate upon which a manufacturing or business enterprise is carried on lies on or across a county line, and is in two or more counties, the real estate is taxable in the county wherein the main buildings containing machinery, or most of the main buildings, are located; and such personal property as is employed in the operation of such business enterprise, or is accessorial thereto, including merchandise, raw material, machinery, live stock, manufactured goods, and other products of the enterprise, notes, and accounts, and money used in the prosecution of the enterprise, and other personal property appertaining to the general business of the enterprise is taxable in the same county as the realty. Personalty entirely disconnected from such manufacturing or business enterprise is taxable in the county of the owner's residence.
3. The taxable situs of some of the personal property depended on an issue of fact; and as the judge refused an injunction (as certified by him) without exercising his discretion or considering the evidence, because of his construction of the law that no issue of fact was involved, the judgment refusing an injunction must be reversed.

Submitted July 18, 1906.—Decided February 14, 1907.

Rehearing denied March 1, 1907.

Petition for injunction. Before Judge Lewis. Morgan superior court. March 8, 1906.

The High Shoals Manufacturing Company is a corporation owning and operating a manufacturing plant for the manufacture of raw cotton into cotton goods. The manufacturing plant is located on a tract of land lying on and across the county lines of Morgan,

Oconee and Walton counties, with its home office in Walton county. The main buildings, or most of the main buildings of this plant, containing machinery, are located in Morgan county. The company owns a storehouse situated on this tract of land, in which it carries on a general mercantile business. The company, through its president, returned to the receiver of tax returns of Walton county the stock of goods, wares, and merchandise in the storehouse, the raw material and manufactured goods on hand and in the hands of commission merchants, money on hand and in bank, the mules and wagons and other personal property, aggregating $44,400. A few days later the company, through its president, made its return, to the receiver of tax returns of Morgan county, of all its real estate whereon its manufacturing plant is located, and all of its machinery of every kind used in connection with the manufacturing plant. The company duly paid to the tax-collector of Walton county the taxes due on the return made to that county, and to the tax-collector of Morgan county the taxes due on the returns made to that county. After December 20, 1905, Penick, the tax-collector of Morgan county, assessed the company's property which had been returned to Walton county, at $44,400, and issued a fi. fa. for the double tax on this property, and placed the same in the hands of the sheriff of Morgan county for collection by a levy and sale of the company's property. The sheriff was seeking to enforce this tax execution when the High Shoals Manufacturing Company filed its petition to enjoin the fi. fa., on the ground that the property for the tax on which the fi. fa. was proceeding was not subject to taxation in the county of Morgan. The court granted a rule nisi calling upon the tax-collector and the sheriff of Morgan county to show cause why the execution should not be enjoined; and, on the interlocutory hearing, refused to grant an injunction. The High Shoals Manufacturing Company excepts to the refusal to grant the injunction as prayed.

    *Foster & Foster,* for plaintiff.

    *Samuel H. Sibley* and *George & Anderson,* for defendants.

    EVANS, J. (After stating the facts.) The general tax act of 1904 (Acts 1904, p. 37) requires the president, superintendent, or agent of a manufacturing company to return for taxation the real estate of the company to the tax receiver of the county wherein it is located, and the personal property to the tax-receiver of the

county where the office of the company is located; "provided, that if the real estate upon which said manufacturing or other business enterprise of whatever nature is carried on lies on or across a county line or county lines and in two or more counties, said real estate shall be returned to the tax receiver of the county wherein are located the main buildings containing machinery, or most of the main buildings; provided further, that all persons, companies and corporations, not excepted above, conducting any business enterprise upon realty not taxable in the county in which said persons reside or the office of the company or corporation is located, shall return for taxation their stock of merchandise, raw material, machinery, live stock, and all other personalty employed in the operation of such business enterprise, together with the manufactured goods and all other products of such business enterprise, and the notes and accounts made, and the money used in the prosecution of such business enterprise, on hand at the time for the estimation of the property for taxation, including all personalty of whatsoever kind, connected with or used in said enterprise in any manner whatsoever, in the county in which is taxable the realty whereon such business enterprise is located or carried on." During the same year the legislature amended the Political Code, § 826, so as to make the same read as follows: "All other companies or persons taxed shall make their returns of personal property to the receiver of the respective counties where the persons reside, or the office of the company is located, except that all persons, companies or corporations conducting any business enterprise upon realty not taxable in the county in which such persons reside, or the office of the company or corporation is located, shall return for taxation their stock of merchandise, raw material, machinery, live stock, and all other personalty employed in the operation of said business enterprise, together with the manufactured goods, and all other products of such enterprise, and the notes and accounts made and the money used in the prosecution of such business enterprise, on hand at the time for the estimation of property for taxation, including all personalty of whatsoever kind connected with or used in said enterprise in any manner whatsoever, in the county in which is taxable the realty whereon such business enterprise is located or carried on; provided, that the provisions of this act shall not apply to

those corporations required by law to make their returns to the comptroller-general." Acts 1904, p. 54.

The legislative policy in fixing a situs for the taxation of personal property is clearly apparent from these two enactments. In providing for the return of personalty for taxation three general classifications were made, to fit all possible conditions. The first was the ordinary case where the owner lived in the same county where the personal property was located; here no question can exist that the general rule mobilia personam sequuntur applies. The second classification was to embrace such instances as where the owner resided in one county and conducted a business enterprise in another county. In such instances the rule mobilia personam sequuntur was departed from, and all personalty connected with a business enterprise conducted in a county other than that of the owner's residence was made taxable in the county where the business enterprise was conducted. The General Assembly indicated this intent by the exception contained in the amendment of 1904 to the Political Code, §826. The general tax act of 1904 made provision for an unusual condition of affairs, and created a third classification. There might exist a situation (as illustrated by the case at hand) where the personalty is located in the county of the owner's residence, yet is employed as an accessory to a business or manufacturing enterprise, located on a single tract of land which lay in two or more counties. The General Assembly in its wisdom applied the unit rule of taxation to this condition of affairs, and provided that the land and all personal property accessorial to the business or manufacturing enterprise should be taxable in the county where the main buildings (or most of them) of the business or manufacturing enterprise was conducted. No radical departure was made by this classification. The Political Code, §826, before its amendment by the act of 1904, excepted two classes of personalty from the operation of the rule that the county of the owner's residence was the taxable situs of personal property. Those exceptions included personalty belonging to mining companies, used in connection with its mining business, and personalty employed in cultivating farms situated in a county other than that of the owner's residence. Personalty of this kind was treated as an accessory of the land and was given the taxable situs of the land. *Walton County* v. *Morgan County*, 120 *Ga.* 548. Now, we regard

the amendment to section 826 as extending this principle of unity of personalty and realty for taxation, to personalty employed in and appertaining to all business enterprises conducted on land situated out of the county of the owner's residence.

In one of the briefs of the defendant in error it is urged that inasmuch as the land on which the storehouse is located is taxable in Morgan county, personalty concerned in any business enterprise conducted on the land, though entirely disconnected with and not related to the main business of the corporation, is taxable in the county where the land is taxable. Perhaps if the mere literalism of the act be adhered to, this contention might be sound. But such a construction would be opposed to the manifest policy of the legislature, as gathered from the two legislative acts referred to; would be to create an arbitrary classification, and to depart from a natural, general, and coherent plan of taxation. Let us suppose a case, as illustrative that the General Assembly could not have intended this literal construction. We will suppose that the land belonging to the plaintiff manufacturing company contained a thousand acres, ten of which are in Morgan county, and the remainder in Walton county. We will suppose that the shape of the land was a long rectangle extending into Walton county a mile or more. On the extreme end of the land in Walton county the company erects a storehouse which it rents to a Walton-county citizen, who conducts a mercantile business thereon. Now, under such circumstances could it be said that this legislation would require a Walton-county citizen conducting a business in Walton county to pay taxes on his stock of merchandise to Morgan county, solely because the house he occupies and rents belongs to the High Shoals corporation, and is taxable with the land of the company in Morgan county? Most assuredly not. It is certainly more in keeping with the harmony of our taxing system to construe these acts to mean that the unit system was adopted in providing for the taxation of corporations or persons conducting a manufacturing or business enterprise on land lying in two or more counties. In such a case the land, buildings, and all accessorial personalty will be treated as a single unit and taxable in the county where the main buildings (or most of them) of the business or manufacturing enterprise are located.

On the hearing before the judge, for injunction, the manufacturing company contended that the operation of the mercantile

business was in no way related to its manufacturing enterprise, nor was the other personal property, included in its return to Walton county, accessorial to its manufacturing business. On the other hand the officers of Morgan county insisted that the mercantile business was an adjunct of the manufacturing enterprise; that the land, the manufacturing plant, and the storehouse constituted a single instrumentality in the accomplishment of the general design and purpose of the company's incorporation. They also insisted that all the personalty returned to Walton county was taxable in Morgan county because it was a part of the assets of the company connected with its manufacturing plant. Evidence was submitted by both sides on these issues, but the court certifies that in reaching his conclusion denying an injunction "he was controlled by no issue of fact raised by the affidavits, and by no other consideration than the act of 1904, which he held to be constitutional, as set out in the acts of 1904, pages 54 and 55; and the decision of the Supreme Court in the cases of *County of Walton* v. *County of Morgan,* 120 *Ga.* 548, and *County of Morgan* v. *County of Walton,* 121 *Ga.* 659." Neither act of 1904 was under consideration in the cases cited, and the issue in the present case must be decided under the law as amended by these two acts of 1904. Some of the personalty which was included in the company's tax return to the Walton-county official is clearly taxable by the terms of the act of 1904 in Morgan county. It may be determined as matter of law that the raw material and the manufactured product is personalty connected with the manufacturing enterprise. And prima facie the mules, wagons, money in hand and in bank, and choses in action would be included with the land as a part of the unit of taxation, unless it was shown that they had no present or prospective relation to the manufacturing enterprise. The taxable situs of the stock of merchandise depends upon its connection with the manufacturing business. The evidence upon this issue was conflicting, and was not considered by the court. If, from its relation to the accomplishment of the general design and purpose of the company's manufacturing operations, the mercantile business should be found to be an adjunct of the manufacturing business, then the merchandise and mercantile choses in action would be accessorial personalty and taxable along with the land containing the main buildings, as a part of the

general enterprise. On the other hand, if the mercantile business be entirely disconnected from the manufacturing enterprise, constituting a separate and distinct entity, the merchandise and choses in action belonging to the same would be taxable in Walton county. As the grant or refusal of an injunction involved certain issues of fact, and as the court refused the injunction on an erroneous view of the law, without the exercise of discretion upon the facts, the judgment must be reversed. *Fears* v. *State*, 102 *Ga.* 274.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*