## SPIRES v. WRIGHT.

GEORGE, J.　1. "Where one gives notice of his intention to close a private way, but has not actually obstructed the same, the statutory remedies for removing obstructions do not apply. In a proper case injunction may issue to prevent the threatened injury." *Nevels* v. *Golden*, ante, 34 (92 S. E. 521). If the threatened obstruction would constitute a continuing nuisance, a proper case for equitable interference is made. *Simmons* v. *Lindsay*, 144 *Ga.* 845 (88 S. E. 199).

2. "If the chancellor puts his refusal of an injunction on the facts which were controverted, or refuses an injunction generally, this court will not reverse the judgment, unless it be made to appear that the discretion of the chancellor has been abused; but where the chancellor rested his judgment on the existence of a common-law remedy in another county, and the want of jurisdiction in the superior court of the county where the bill was filed, and such grounds were erroneous, a reversal will be granted." *Head* v. *Bridges*, 72 *Ga.* 30 (2).

3. This was a petition to enjoin against a threatened obstruction of a private way. It was alleged that the petitioner was the owner of the road, and was entitled to the use of it; and the grounds upon which he based his claim were set out. The petition charged neither insolvency of the defendant, nor, in terms, that the obstruction, if permitted, would constitute a continuing nuisance. The evidence for the petitioner tended to sustain his allegations, and to show that the threatened obstruction would constitute a continuing nuisance. The evidence for the defendant tended to show that petitioner's right to the use of the road depended upon a contract containing mutual obligations, one provision of which was as follows: "And in case of the breach of the terms of this agreement by either party, then each party forfeits his right to said road." The evidence on the question of a breach of the contract by the petitioner was in conflict. The judge of the superior court expressly based his refusal of an injunction on the existence of a common-law remedy in the court of ordinary. *Held*, that this judgment, in view of the ruling in *Head* v. *Bridges*, supra, was erroneous.

　　　　　　　　　*Judgment reversed. All the Justices concur.*

　　　　　　　No. 542.　FEBRUARY 13, 1918.

Petition for injunction. Before Judge Walker. Lincoln superior court. August 2, 1917.

*Colley & Colley*, for plaintiff.　*C. J. Perryman*, for defendant.