*A. W. Cozart, J. E. Chapman,* contra.

---

### 9444.  MADDOX COFFEE COMPANY *v.* McHAN.

WADE, C. J.  1. "A motion in arrest of judgment differs from a motion for a new trial, in this: The former must be predicated on some defect which appears on the face of the record or pleadings, while the latter must be predicated on some extrinsic matter not so appearing.

It also differs from a motion to set aside a judgment, in this: The motion in arrest of judgment must be made during the term at which such judgment was obtained, while a motion to set aside may be made at any time within the statute of limitations." Civil Code (1910), § 5958. The limitation provided by the statute, as to the time within which each must be made, constitutes the only difference between a motion to set aside and a motion to arrest a judgment. *Artope* v. *Barker*, 74 *Ga.* 462; *Regopoulas* v. *State*, 116 *Ga.* 596 (42 S. E. 1014); *Garfield Oil Mills* v. *Stephens*, 16 *Ga. App.* 655, 660 (85 S. E. 983). There was therefore no merit whatever in the contention, raised by demurrer, that the motion to set aside should be dismissed because interposed subsequently to the term of the court at which the judgment was obtained.

2. The defendant duly filed a plea presenting a meritorious defense to the action, and setting forth fully the alleged facts constituting his defense, which was referred to in the motion to set aside the judgment against him and thus made a part of said motion, so that the motion itself disclosed the specific nature and character of the defense relied upon. *Pryor* v. *American Trust &c. Co.*, 15 *Ga. App.* 822, 829 (84 S. E. 312). It was not incumbent upon the movant to establish or attempt to establish by proof the alleged defense set up in his motion to set aside, when filing the same, nor could evidence tending to negative the alleged defense be then properly introduced by the opposite party in resisting such motion. It was not necessary for the court to go further, in this connection, than to determine that a legally good and meritorious defense was alleged by the movant.

3. The judge of the municipal court did not err in overruling the demurrer to the motion to set aside the judgment, and, under all the facts and circumstances in proof, in thereafter actually setting aside said judgment and remanding the case for trial; and the judge of the superior court properly overruled the certiorari.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*

DECIDED APRIL 11, 1918.

Certiorari; from Fulton superior court—Judge Pendleton. November 26, 1917.

*C. D. Maddox, S. A. Massell,* for plaintiff.

*Mayson & Johnson,* for defendant.