GILES *v.* RAWLINGS *et al.*

HILL, J. The plaintiff brought a petition to enjoin the defendants from
maintaining and operating a hospital for colored people, alleging sub-
stantially as follows: The plaintiff is a resident of Sandersville, and
lives in his own home in the heart of the city, on a street which is
only twenty-five feet wide. At the time he purchased his house and
lot in 1913 it was surrounded by residences, except that not far away
was a drug-store and a hotel. The hotel property was afterward con-
verted into a hospital known as Rawlings Sanitarium, owned and
operated by the defendants, and used for white people only. Since
the opening of that sanitarium, and within a very short time before
the filing of the petition, the defendants put into use as a hospital for
negroes a framed house in the rear of the hotel which was converted
into a sanitarium. The framed house is being used as a hospital for
negroes exclusively. It is almost opposite the plaintiff's home, on the
other side of the narrow street. It is a private nuisance and dangerous
to the plaintiff and his family, on account of the kind and character
of diseases treated and the patients admitted into the hospital, which
is filled with inmates afflicted with various kinds of diseases. The
odor from the hospital is almost constant and continuous, and becomes

so obnoxious that it is-impossible for the plaintiff's family at all times' to occupy and enjoy the front porch and use their home. The patients in the hospital continually come out on the front porch, or on the front of the building, which is only a short distance from plaintiff's home, and are often so carelessly dressed, and their conduct is such, that plaintiff's family can not remain on their front porch, and are compelled to retire to the interior of the house. The noise also made by the patients, whether from the effects of being treated, or from their nature, makes it impossible for plaintiff and his family to obtain rest which is necessary for their health and happiness. The house used as a hospital has a hall running through it, which is being used as a room for beds and cots upon which negro patients rest and sleep, and the screen door to the hall, which is directly in front of plaintiff's house, exposes the sick to view, and they can be easily seen by plaintiff's family when at the front of their house. Carrying the dead from the hospital, the noise of and running of automobiles used for the purpose, etc., is constant, and thereby the street is almost blockaded at times. The plaintiff rented a portion of his house for $12.50 per month; but after the hospital in front of his home was operated as just described, his tenant, who was before satisfied, vacated the rooms on account of the noise, odor, and general conduct of the hospital, and plaintiff has not been able to rent his rooms since, for the reasons alleged. The prayers are, that the defendants be enjoined "from using said building for said purpose, or from receiving and taking into said building any person, and giving treatment to any person in said building, as has been done heretofore;" and "that said hospital be condemned as a nuisance, and that it be done away with, and be not permitted to be used for the purpose hereinabove alleged, as the same has been declared to be a nuisance under the law governing this proceeding; and that defendants be permanently enjoined from using the same as hereinabove alleged, and for the purposes hereinabove alleged." The court refused an injunction, and the plaintiff excepted. *Held:*  \

1. It appears from the allegations and prayers of the petition that the petitioner is seeking two forms of relief: one wholly to enjoin the operation of the sanitarium as being a nuisance per se; the other to prevent its maintenance and operation in such a manner as to constitute a nuisance. As to the latter relief he had no adequate and complete remedy at law, and therefore had a right to invoke the aid of a court of equity. *Tate* v. *Mull*, 147 *Ga.* 195 (93 S. E. 212) ; *City of Quitman* v. *Underwood*, 148 *Ga.* 152 (96 S. E. 178).

2. It appearing from the order of the court that an injunction was denied solely on the ground that the plaintiff had a complete remedy at law by abatement of the alleged nuisance under the Civil Code, §§ 5329 et seq., and that the court did not pass upon the merits of the plaintiff's right to restrain the alleged improper manner of operating the sanitarium, under the authority of *Head* v. *Bridges*, 72 *Ga.* 30 (2), and *Spires* v. *Wright*, 147 *Ga.* 633 (95 S. E. 232), the judgment is reversed, in order that the court below may consider and pass upon the facts of the case, and determine as to the plaintiff's right to relief.

*Judgment reversed. All the Justices concur.*

No. 1013. NOVEMBER 16, 1918.

Petition for injunction. Before Judge Hardeman. Washington superior court. May 23, 1918.

*F. H. Saffold* and *Alfred Herrington,* for plaintiff.

*Rawlings & Wood,* for defendant.