### MARION COUNTY *v.* McCORKLE.

DUCKWORTH, Justice. On April 1, 1938, Marion County, through its board of commissioners of roads and revenue, brought suit against J. R. McCorkle, alleging that the alternative road law had been in effect in said county for a number of years, and the roads of said county had been worked by convict labor up to March 1, 1938; that the defendant had been employed by said county as superintendent of roads and as warden, and as such had been allowed to occupy a dwelling-house on the county farm; that at a meeting duly held on February 18, 1938, a motion was passed, abolishing the convict system in said county, and providing for

surrender of convicts to the prison commission, and for the discontinuance of services of superintendent of roads and of warden as of March 1, 1938; that the defendant was so notified; that the action ot the board appears of record in their minute-book for 1936, p. 230, to which reference is made; and that the defendant refuses to surrender to the county the possession of the dwelling-house. The plaintiff prayed for injunction restraining the defendant from further entering and residing upon the premises and in the dwelling-house. The material allegations of the petition were denied by the defendant. At interlocutory hearing general demurrers to the petition were overruled. A special demurrer to the allegation of the action of the board of commissioners in discontinuing the services of the defendant, on the ground that no copy of the minutes was attached, was sustained, with leave to amend. Evidence was introduced, and the court denied an injunction, ruling that injunction should not be granted until the issues of fact were decided by a jury. The plaintiff excepted. *Held:*

1. The substance of the motion passed by the board of commissioners being set forth in the petition, and the minute-book and page number where the record thereof could be found being referred to, it was not necessary that a copy of the minutes be attached to the petition as an exhibit. See *Penn Tobacco Co.* v. *Leman,* 109 *Ga.* 428 (3) (34 S. E. 679); *Lynah* v. *Citizens & Southern Bank,* 136 *Ga.* 344 (2) (71 S. E. 469); *Board of Commissioners* v. *MacDougald Con. Co.,* 157 *Ga.* 595 (2) (122 S. E. 317). The court erred in sustaining the demurrer.

2. If the chancellor puts his refusal of an injunction on the facts controverted, or refuses an injunction generally, this court will ordinarily not reverse the judgment; but when it clearly appears from the actual language of the order that the judge failed to exercise any discretion whatever, and that his refusal of an injunction was based entirely on the erroneous construction of the law by holding that as a matter of law he could not grant an interlocutory injunction until a jury decided the issues of fact made by the petition and answer, such judgment was erroneous. Code, § 55-108; *Fears* v. *State,* 102 *Ga.* 274, 275 (29 S. E. 463); *Stribbling* v. *Georgia Ry. & Power Co.,* 139 *Ga.* 676 (78 S. E. 42); *Spires* v. *Wright,* 147 *Ga.* 633 (2) (95 S. E. 232); *Giles* v. *Rawlings,* 148 *Ga.* 575 (2) (97 S. E. 521).

*Judgment reversed. All the Justices concur, except Russell, C. J., absent because of illness.*

No. 12430. NOVEMBER 19, 1938. REHEARING DENIED DECEMBER 3, 1938.

*T. B. Rainey* and *John C. Butt,* for plaintiff.
*George C. Palmer* and *Joseph M. Rogers,* for defendant.