43185.  HARRINGTON v. FRYE et al.

ARGUED NOVEMBER 9, 1967—DECIDED DECEMBER 1, 1967.

Cowart, Sapp, Alaimo & Gale, Anthony A. Alaimo, James A. Bishop, for appellant.

Adams & Henry, Q. Robert Henry, for appellees.

QUILLIAN, Judge. *Code Ann.* § 110-1203 (Ga. L. 1959, p. 234) provides that affidavits opposing a motion for summary judgment may be served prior to the day of the hearing. However, in *Simmons v. State Farm &c. Ins. Co.,* 111 Ga. App. 738 (1) (143 SE2d 55) this court held that under the provisions of *Code Ann.* § 110-1207 (Ga. L. 1959, pp. 234, 236) it was discretionary with the trial judge whether to strike opposing affidavits even though they were not served prior to the hearing date as required by *Code Ann.* § 110-1203.

A statute which confers upon a judge discretion to decide questions of procedure in cases tried before him imposes a correlative duty that he exercise such discretion when the occasion arises. *Loomis v. State,* 78 Ga. App. 153, 164 (51 SE2d 13); *Lowance v. Dempsey,* 99 Ga. App. 592 (109 SE2d 318); *Marion County v. McCorkle,* 187 Ga. 312, 313 (2) (200 SE 285). A very clear pronouncement of the principle appears in *Stribbling v. Ga. R. & Power Co.,* 139 Ga. 676 (3) (78 SE 42): "The presiding judge, in refusing to grant the injunction prayed, having stated in his order that he had concluded that he had 'no discretion in the premises,' and having based his ruling on an erroneous view of the law which he apparently thought concluded him, and not upon a full consideration of the application for injunction on the issues of law and fact, his judgment is reversed, with direction to rehear the application and pass upon it on its merits."

In the instant case the judge erred in assuming he was not vested with discretion to decide whether he should consider the defendant's affidavit submitted in opposition to the motion for summary judgment. He decided to exclude the affidavit and sustain the motion on the erroneous premise that these issues were to be passed upon under former *Code Ann.* § 110-1203 and the Georgia Civil Practice Act, especially according to the provisions of the portion of the Act embodied in *Code Ann.* § 81A-156 (c), (e). The judgment sustaining the motion was entered on July 28, 1967, and the Georgia Civil Practice Act, including Section 81A-156, did not become the law of the State until the effective date of the statute which was September 1, 1967.

The judgment placed emphasis upon the statutory requirement that the defendant's affidavit in opposition to the motion for summary judgment be served within the time prescribed by *Code Ann.* § 110-1203, then a part of the law relative to summary judgment proceedings, but did not mention *Code Ann.* § 110-1207 that vested in the judge discretion to admit and consider the defendant's affidavit, even though no motion was made to permit it to be served until the time of service had expired. In short the judge construed the provisions of Section 110-1203 (and Section 81A-156 not then of force as a statute of the State) as an inflexible mandate that the defendant's affidavit be served within one day before the hearing of the motion, and did not consider the discretion vested in him under *Code Ann.* § 110-1207 as construed in *Simmons v. State Farm &c. Ins. Co.,* 111 Ga. App. 738, supra.

*Judgment reversed. Jordan, P. J., and Deen, J., concur.*