43776. GEORGIA HIGHWAY EXPRESS COMPANY v. DO-ALL CHEMICAL COMPANY et al.

WHITMAN, Judge. To the plaintiff appellant's declaration in attachment, no answer was filed within the time allowed by law and the trial court entered an order declaring the defendants to be in default. However, the trial court subsequently granted a motion by defendant Do-All Chemical Company to open the default. It is from the latter order that the plaintiff appeals enumerating it as error. A certificate for immediate review of the ruling was executed by the trial court in accordance with the Appellate Practice Act. See Ga. L. 1965, p. 18, as amended by Ga. L. 1968, pp. 1072, 1073.

The requirements for opening a defaulted case are set forth in *Code Ann.* § 81A-155 (b) (Ga. L. 1966, pp. 609, 659; Ga. L. 1967, pp. 226, 238). This section requires that any showing to open a default "shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and announce ready to proceed with the trial."

The defendant's motion to vacate states only that "defendant

has a good and meritorious defense to the declaration." No facts regarding the defense are set forth, only this conclusion. All the facts set forth relate to certain events which transpired and which form the ground upon which the motion to vacate is based, i.e., excusable neglect. Thus a condition precedent to opening the default was not met and the trial judge had no discretion in the matter. See *Johnson v. Dockery*, 222 Ga. 569 (150 SE2d 921); *Blanch v. King*, 202 Ga. 779 (44 SE2d 779); *Pryor v. American Trust &c. Co.*, 15 Ga. App. 822 (2) (84 SE 312).

It was error to open the default.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED JULY 1, 1968—DECIDED DECEMBER 2, 1968.

*Vandiver, Barwick & Bentley, M. Cook Barwick, John E. Talmadge, Ellis & Ellis, George R. Ellis, Jr.,* for appellant.

*Smith, Crisp & Hargrove, William E. Smith, San S. Harben, Jr.,* for appellees.