44466. AMERICAN LIBERTY INSURANCE COMPANY
v. SANDERS.

ARGUED MAY 6, 1969—DECIDED MAY 16, 1969—
REHEARING DENIED JULY 31, 1969—

*Zorn & Royal, William A. Zorn,* for appellant.

*Jack J. Helms,* for appellee.

EBERHARDT, Judge. ■ The motion to dismiss the appeal on the ground that the notice of appeal did not designate the final judgment subsequently entered is without merit. The issues involved in the order appealed from are not moot, nor is the final judgment the law of the case, inasmuch as the motion to open the default was made prior to final judgment, and a certificate of immediate review was obtained for this order. If there was error in denying the motion, all further proceedings were nugatory, for in that event the defendant may have been wrongfully denied the opportunity of presenting what appears to have been a meritorious defense.

■ (a) Plaintiff contends that although the trial court proceeded to hear the motion to open the default on its merits, the motion was insufficient as a matter of law to meet the requirements of CPA § 55(b) (*Code Ann.* § 81A-155(b)). It is urged that the motion contained no facts to sustain the conclusion that movant had a "meritorious defense which is filed herewith" and that the answer filed in connection with the motion was not verified or made a part of the motion.

CPA § 55(b) (*Code Ann.* § 81A-155(b)) (same as old *Code* § 110-404) provides that "In order to allow the default to be thus opened, the showing shall be made under oath, *shall set up a meritorious defense,* shall offer to plead instanter, and announce ready to proceed with the trial." This Code section,

"providing for the opening of defaults, should be given a liberal construction, in the promotion of justice and the establishment of truth. . ." *Tedcastle & Co. v. Brewer & Co.*, 19 Ga. App. 650 (1) (91 SE 1051), and citations. See also *Strickland v. Galloway*, 111 Ga. App. 683, 685 (143 SE2d 3), and citations.

Under the italicized portion, it has been held that facts, and not merely conclusions, must be stated. *Ga. Highway Express Co. v. Do-All Chemical Co.*, 118 Ga. App. 736 (165 SE2d 429). This is so that the court can determine whether, if the default were opened and movant were allowed to plead and try the case, the result might be in his favor, or that it was at least doubtful that plaintiff should recover (cf. *Phillips v. Taber*, 83 Ga. 565, 572 (10 SE 270); *Blanch v. King*, 202 Ga. 779, 782 (44 SE2d 779)); and the rule applies where the matter setting forth the defense "was [not] attached to or in any way made a part of the motion . . . or was [not] even by words remotely referred to, and an effort thus made to incorporate it in the motion to vacate, as an exhibit or component part thereof." *Pryor v. American Trust &c. Co.*, 15 Ga. App. 822, 825 (84 SE 312).

But in the instant case it was alleged in the motion that "movant shows that it has a good and meritorious defense to said action *which is filed herewith*," and the defense, contained in the answer, was tendered and filed along with the motion as an exhibit or part thereof. "Statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion. A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." CPA § 10(c) (*Code Ann.* § 81A-110(c)).

In these circumstances there is no reason why the court cannot determine whether opening the default might result in defendant's favor as well as if the recitals of the defense were set out in the motion itself. To require these to be repeated in full in the motion is but a redundancy, encumbering the record —a useless thing, which the law does not require, and which CPA has recognized. Cf. *Manor v. State*, 223 Ga. 594 (3) (157 SE2d 431); *Irvin v. Locke*, 200 Ga. 675, 679 (38 SE2d 289). The reference to the defense, filed along with the motion, was sufficient to incorporate it as a part of the motion. As held

in *Maddox Coffee Co. v. McHan*, 22 Ga. App. 198 (2) (95 SE 736): "The defendant duly filed a plea presenting a meritorious defense to the action, and setting forth fully the alleged facts constituting his defense, which was *referred to* in the motion to set aside the judgment against him and *thus made a part of said motion*, so that the motion itself disclosed the specific nature and character of the defense relied upon. . . It was not necessary for the court to go further, in this connection, than to determine that a legally good and meritorious defense was alleged by the movant." (Emphasis supplied.)

(b) Nor is there merit in the contention that the motion was defective because the defense was not verified. Since the defense was effectively incorporated into the motion, and the motion was verified in a form to which no objection was made, the contention is unfounded. In the trial court there was no objection to or motion to strike the defense or the motion on the ground of lack of verification or of defective verification, and the trial court did not pass upon this question, but specifically grounded its decision on another reason unconnected with this ground. If there was a defect in verification or lack thereof, it was an amendable one, waived by failure timely to object (*Ward v. Frick Co.*, 95 Ga. 804 (22 SE 899); *Edwards v. Boyd Co.*, 136 Ga. 733, 738 (72 SE 34)), and this court will not consider the alleged formal defect since the sole reason for failing to open the default was upon another ground. *Early v. Hampton*, 15 Ga. App. 95 (1) (82 SE 669); *Edwards v. Boyd Co.*, 136 Ga. 733, 738, supra. "The appellant is limited on his appeal to the grounds of objection which he properly presents in the trial court." *Lundy v. State*, 119 Ga. App. 585 (1) (168 SE2d 199).

3. From the colloquy at the hearing, the order refusing to open the default, and the certificate of the trial judge, it affirmatively appears that the judge exercised no discretion in passing upon the motion to open the default but expressly put his judgment upon the basis that he had no discretion. It is beyond dispute that CPA § 55(b) (*Code Ann.* § 81A-155(b)) and its predecessor *does* confer upon the trial judge discretion at any time before final judgment to open a default for (1) providential cause preventing the filing of a plea, (2) excusable

neglect, or (3) where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, albeit the discretion is a legal one. The order entered on defendant's motion recites a finding that defendant *did not know of the pending suit until after the time for filing an answer had expired.* Under defendant's answer, in which it denied that ⅝ Smith was an agent upon whom service of process could be made, and under Smith's testimony to the same effect, the court was authorized to so find *as a fact for consideration in the exercise of its discretion.* We note in this connection that whereas prior to the CPA service of process could be attacked only by a traverse to the return of service, under CPA § 12(b) the attack can now be made by simple denial in the answer or, at the option of the pleader, by motion in writing.

The defective service might have been attacked by motion, and since this is true it may be waived if the attack is omitted from other available motions which are filed. *Code Ann.* § 81A-112(g). It was not included in defendant's motion to dismiss because of failure to state a claim upon which relief could be granted. Whether waiver results when there was an attack by way of denial in its answer of the agency of the party upon whom service was made, filed anterior to the motion to dismiss, need not be decided here. Even if that be the result, so that defendant cannot now rely upon the defective service as a ground for obtaining dismissal of the action, the judge was nevertheless entitled to consider the circumstances of whether there had been a defective service which kept the defendant from learning of the pendency of the action and which brought about its delay in making answer, along with whether defendant had a valid defense, in determining whether in the interest of justice the default should be opened to allow defendant to present the defense. "Punctuality is a virtue of high order, but truth and justice are even more exalted; hence the demand for punctuality in pleading should not be so strict as to prevent inquiry into truth and to deny justice where the delinquency is reasonably excusable. Therefore, while the law makes requirements of punctuality in pleading, it also usually makes provision for relieving against the penalties imposed for a lack of this virtue, when the interests of truth and justice

require it. This may be said to be the general policy of the law. Our statutes for opening defaults well indicate this policy." *Bass v. Doughty*, 5 Ga. App. 458, 460 (63 SE 516).

"The wording of § 5072 [now *Code Ann.* § 81A-155] is such that it conveys very ample powers as to opening defaults; not only providential cause, which is broad, and excusable neglect, which is still broader, but finally, as if reaching out to take in every conceivable case where injustice might result if the default were not opened, the section goes on to say, 'where the judge from all the facts shall determine that a proper case has been made,' etc. . . We apprehend the true rule for the exercise of the discretion conferred by § 5072 [now § 81A-155] to be laid down in *Brucker v. O'Connor*, 115 Ga. 95 [41 SE 245]: 'While this section gives to the judge a broad discretion, it does not mean that he can act arbitrarily, but that he may exercise a sound and legal discretion. It does not give him authority to open a default capriciously or for fanciful or insufficient reasons. Excusable neglect does not mean gross negligence. It does not mean a wilful disregard of the process of the court, but refers to cases where there is a reasonable excuse for failing to answer.' " *Brawner v. Maddox*, 1 Ga. App. 332, 337 (58 SE 278). And see *Butler & Co. v. Strickland-Tillman Hdw. Co.*, 15 Ga. App. 193 (82 SE 815); *First Nat. Ins. Co. v. Thain*, 107 Ga. App. 100 (129 SE2d 381); *Strickland v. Galloway*, 111 Ga. App. 683, supra.

That the agency may have been admitted in another action pending in the same court does not alter the matter. *Glaze v. Bogle*, 105 Ga. 295 (31 SE 169); *O'Connor v. United States of America*, 11 Ga. App. 246 (4) (75 SE 110).

The court found as a fact that the defendant did not learn of the pendency of the action until it was in default, and stated that it would open the default if it could exercise discretion in the matter (presumably for reason 3, supra, or to afford due process),[1] yet it not only failed to exercise a discretion in denying the motion to open, but proceeded upon the erroneous

---

[1] " 'The fundamental requisite of due process of law is the opportunity to be heard.' Grannis v. Ordean, 234 U. S. 385, 394 [34 SC 779, 58 LE 1363]. This right to be heard has little

theory that it had no discretion in the matter. It is well settled that a statute which confers upon the trial judge discretion to decide a particular question before him also imposes upon him a correlative duty to exercise it when the occasion arises; and where the judge has a legal discretion to exercise and passes judgment on the question, resting his decision solely upon a point of law and affirmatively showing from the language of the ruling that he failed to exercise any discretion whatever, a reversal will result with direction to rehear the matter and pass upon it on its merits if the legal ground on which the judgment was rested was not demanded by the evidence before him. The evidence here did not demand a denial of the motion to open the default.

"When invoked as a guide to judicial action it means a sound discretion, that is to say, a discretion exercised not arbitrarily or wilfully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result." Langnes v. Green, 282 U. S. 531, 541 (51 SC 243, 75 LE 520). And see *Miller v. Wallace*, 76 Ga. 479, 484 (2 ASR 48). "An appeal to a judge's discretion is an appeal to his judicial conscience." *Griffin v. State*, 12 Ga. App. 615 (5) (77 SE 1080) ; *Butler & Co. v. Strickland-Tillman Hdw. Co.*, 15 Ga. App. 193 (2) (82 SE 815). Cf. *Forrester v. Culpepper*, 194 Ga. 744, 750 (22 SE2d 595).

This principle has frequently been applied where the judge fails to exercise his discretion in injunction cases, and a clear pronouncement of it appears in *Stribbling v. Georgia R. & Power Co.*, 139 Ga. 676 (3) (78 SE 42): "The presiding judge, in refusing to grant the injunction prayed, having stated in his order that he had concluded that he had 'no discretion in the premises,' and having based his ruling on an erroneous view of the law which he apparently thought concluded him, and not upon a full consideration of. the application for injunction on the issues of law and fact, his judgement is reversed, with direction to rehear the application and pass upon it on its merits."

_____

reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." Mullane v. Central Hanover Bank &c. Co., 339 U. S. 306, 314 (70 SC 652, 94 LE 865).

Accord: *Hill v. Wadley Sou. R. Co.*, 128 Ga. 705 (7) (57 SE 795); *Marion County v. McCorkle*, 187 Ga. 312 (2) (200 SE 285); *Ballard v. Waites*, 194 Ga. 427, 429 (21 SE2d 848); *Spires v. Wright*, 147 Ga. 633 (2) (95 SE 232); *Giles v. Rawlings*, 148 Ga. 575 (2) (97 SE 521); *High Shoals Mfg. Co. v. Penick*, 127 Ga. 504 (3) (56 SE 648); *Head v. Bridges*, 72 Ga. 30 (2).

It has been applied where the judge failed to exercise his discretion on an application to validate revenue-anticipation certificates (*Carter v. State*, 93 Ga. App. 12, 20 (90 SE2d 672)); in the regulation of an execution sale (*Fears v. State*, 102 Ga. 274 (5) (29 SE 463)); in assuming the general superintendence and control of the litigation before him (*Loomis v. State*, 78 Ga. App. 153, 160 (51 SE2d 13)); in overruling a motion for new trial (*Scribner v. Adams*, 36 Ga. App. 754 (138 SE 264); *Thompson v. Warren*, 118 Ga. 644 (45 SE 912)); and in considering under *Code Ann.* § 110-1207 affidavits in opposition to motion for summary judgment not served prior to the date of the hearing (*Harrington v. Frye*, 116 Ga. App. 755 (159 SE2d 84)). Thus, it was stated in *Loomis v. State*, 78 Ga. App. 153, 164, supra, citing *Marion County, Hill, Ballard, Stribbling, Spires*, and *Fears*, all supra, that "where, upon the question raised, the trial judge has a legal discretion to exercise and passes judgment on the question, resting his decision solely upon a point of law and affirmatively showing from the language of the ruling that he failed to exercise any discretion whatsoever in the premises, the rule of discretion does not apply; and if the legal ground on which the judgment was rested was erroneous, a reversal will result." And in *Harrington v. Frye*, 116 Ga. App. 755, 756, supra, it was stated that "[a] statute which confers upon a judge discretion to decide questions of procedure in cases tried before him imposes a correlative duty that he exercise such discretion when the occasion arises."[2]

This principle applies under the Federal Rules, hence under CPA. In United States v. A. H. Fischer Lumber Co., 162 F2d

---

[2]An arbitrary or capricious use, or an abuse of discretion is the equivalent of a failure to exercise it at all. *South View Cemetery Assn. v. Hailey*, 199 Ga. 478, 483 (34 SE2d 863).

872, 874, it was held that where discretion is provided to the judge by law or by the rules and he acts, not in the exercise of that discretion, but on the erroneous premise that he has none, he errs in so doing, requiring reversal. See to same effect, General American Life Ins. Co. v. Central Nat. Bank of Cleveland, 136 F2d 821, 823 (4); Marsh v. Illinois Cent. R. Co., 175 F2d 498 (4); Commercial Credit Corp. v. Pepper, 187 F2d 71 (3-5).

Since the judge was authorized to open the default for reason 3 stated in the statute, and thus was not concluded as a matter of law, it was error for him to fail to exercise a legal discretion in ruling upon the motion; and, in accordance with the above cited authority, the judgment is reversed with direction to rehear the motion and pass upon it on its merits.

It is urged that a different result is required by our decisions in *Georgia Highway Express Co. v. Do-All Chemical Co.,* 118 Ga. App. 736 (165 SE2d 429) and *Jordan v. Clark,* 119 Ga. App. 18 (165 SE2d 922). We cannot agree.

The record in *Georgia Highway Express* discloses that the motion to open the default was filed March 12, 1968, reciting only that "defendant has a good meritorious defense." There was no other reference to any defense in it. An order was entered opening the default April 13, 1968. A defense was filed April 15, 1968. Consequently, as was stated in the opinion, "a condition precedent to opening the default [as required under *Code Ann.* § 81A-155(b)] was not met." Movant had not done that which was necessary to invoke the court's discretion. He presented nothing in the way of a defense until *after* the opening of the default. It should have been done *prior* to the opening so that the court might examine and see whether there was a defense of apparent merit, upon a determination of which the court could exercise its discretion, granting the motion if the defense appeared to have merit and denying it if it did not. Obviously, the judge needs the defense for consideration along with the motion, and it is the intent of the law that he should have it. Facts appearing in the record, which need not be recited here, indicate that there was a lack of excusable neglect, upon which movant relied.

In *Jordan* it was asserted in the motion that there had been confusion when the defendant was served with copies of the petition and process in two cases involving the same subject matter and one was allowed to go in default, but it was pointed out in our opinion that "Even a casual reading of the petition in the present case discloses that it is a separate action. . . There is nothing in the record before this court to disclose any sound basis for any legal excuse in failing to comply with the mandate of the summons. . . His neglect is inexcusable and gross, and . . . the trial court has no authority to open a default for reasons which fall short of a reasonable excuse for the negligent failure to answer." Both cases are easily distinguishable.

*Judgment reversed with direction. Bell, P. J., Jordan, P. J., Hall and Whitman, JJ., concur. Felton, C. J., Pannell, Deen and Quillian, JJ., dissent.*

DEEN, Judge, dissenting. I cannot conceive how this case can be reversed without overruling *Ga. Highway Express v. Do-All Chem. Co.,* 118 Ga. App. 736 (165 SE2d 429) and *Jordan v. Clark,* 119 Ga. App. 18 (165 SE2d 922).

The facts of this case are: Smith was the authorized agent for service of the defendant insurance company. He was served with two companion actions. Thinking they were the same he negligently forwarded only one to his principal. Thirty days after filing (which was on December 7, 1968) the case was in default. The motion to open the default was filed on January 28, 52 days after the suit was filed. The motion did not set out a meritorious defense.

It was not by reference incorporated into the motion.

1. This situation is identical with the one in *Ga. Highway Express,* where the defendant, in a motion to vacate, also stated that it had a meritorious defense. The court, including Judge Eberhardt, held: "The defendant's motion to vacate states only that defendant has a good and meritorious defense to the declaration. No facts regarding the defense are set forth, only this conclusion. All the facts set forth relate to certain events which transpired and which form the ground upon which the motion to vacate is based, i.e., excusable neg-

lect. Thus a condition precedent to opening the default was not met and the trial judge had no discretion in the matter." Here the defendant also made a motion to open the default. The mere fact that he stated in the motion that he was filing defensive pleadings does not make the defensive pleadings a part of the motion. I therefore conclude that, under this case, the court had no discretion and was correct in so holding.

2. If *Ga. Highway Express* is overruled, however, we are met with another identical situation. In *Jordan v. Clark,* supra, the ground of the motion to open the default was that movant "had confused the service of the petition with service of pleadings in a companion case having a similar caption" and accordingly did not contact his attorney in time. The court in holding that the default could not be opened for this reason stated: "In *Brucker v. O'Connor,* 115 Ga. 95, 96 (41 SE 245) the Supreme Court made it clear that if a party on reading a writ, reaches the wrong conclusion and therefore pays no attention to the process and fails to answer, his neglect is inexcusable and gross, and that the trial court has no authority to open a default for reasons which fall short of a reasonable excuse for the negligent failure to answer."

In this case the authorized agent of the defendant, being properly served, confused the case with a companion case, reached the wrong conclusion and paid no attention to the process. In such event both this court and the Supreme Court have ruled that the trial court has no discretion to open the default.

The motion to rehear should be granted.

I am authorized to state that Chief Judge Felton and Judges Pannell and Quillian concur in this dissent.