33112. FORD et al. v. CRAWFORD.

Bowles, Justice.

The issue presented in this appeal is whether a superior court of this state has jurisdiction to permanently abate a continuing public nuisance when said nuisance is located within the corporate limits of a

municipality of less than 20,000 people.

The facts show that an undercover agent, Gordon L. Simpson, was employed by the City of Cartersville Police Department and the Bartow County Sheriff's Department to conduct an undercover investigation of drug sales in their area. In October, 1976, appellants opened a restaurant and discotheque called "Odyssey" within the city limits of Cartersville, a municipality of less than 20,000 people. During the period from October, 1976, to March, 1977, Simpson participated in many drug transactions, all of which were completed in or began with contacts made at Odyssey. While the defendants did not participate in any drug transactions with Simpson, there was evidence to the effect that the defendants knew or should have known of drug transactions being made in their establishment by virtue of the fact that Simpson told the defendants he was a cocaine dealer.

On April 28, 1977, the district attorney filed an equitable complaint in the Superior Court of Bartow County to abate a public nuisance, specifically the Odyssey restaurant and discotheque. At a pre-trial hearing, defendants made a motion to dismiss the complaint for lack of jurisdiction. The motion was denied. After a trial on the issues, the jury returned a verdict in favor of the appellee, and a judgment was issued on that verdict closing the premises described in the complaint.

Code Ann. § 72-401 provides that if a nuisance complained of exists in a town or city with a population of less than 20,000 under the government of a mayor, intendant, aldermen, wardens or a common council or commissioners, such nuisance, by and with the advice of said aldermen, wardens, council, or commissioners, may be abated and removed by order of said mayor. However, if the nuisance is a continuing one as described in Code Ann. § 72-101, a court of equity will take jurisdiction to enjoin such nuisance. *Giles v. Rawlings,* 148 Ga. 575 (97 SE 521) (1918); *Hornsby v. Smith,* 191 Ga. 491 (13 SE2d 20) (1941); *Poultryland, Inc. v. Anderson,* 200 Ga. 549 (37 SE2d 785) (1946); *City of Atlanta v. Wolcott,* 240 Ga. 244 (1977).

Appellee alleged and the jury found that the nuisance in this case, i. e. maintenance of a restaurant

where drug use and sale was a common occurrence, was a continuing one. Thus, a court of equity had jurisdiction to permanently abate the public nuisance complained of. It was not error to deny appellants' motion to dismiss for lack of jurisdiction.

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 30, 1977 — DECIDED JANUARY 31, 1978.

*Jefferson L. Davis, Jr.,* for appellants.
*Charles Crawford, District Attorney,* for appellee.