## THOMPSON v. BUICE.

1. Suits between the same parties, involving the same issues and upon which the same verdict may be rendered, may be consolidated and tried together.
2. A challenge to the array, for any cause going to show that it was not fairly or impartially empaneled, must be in writing. If there is objection to individual members of the panel of jurors, the challenge should be to the poll, and not to the array.
3. The special grounds of the motion for new trial complain of certain excerpts from the charge of the court, on the ground that the charges were not authorized by the evidence. There is no contention that the charges did not state correct principles of law, and the contention that the charges were not authorized by the evidence is without merit.
4. The verdict is supported by the evidence.

No. 5301.    JULY 15, 1926.

Claim. Before Judge Blair. Forsyth superior court. January 16, 1926.

J. P. Brooke, for plaintiff in error.    A. C. Wheeler, contra.

HILL, J. This is a claim case. On August 28, 1922, H. S. Buice obtained a judgment against Willis Thompson. Execution issued on September 8, 1922, and was recorded on September 9, 1922. Three levies were made, one, March 10, 1923, on certain personal property, to which Selena Thompson, the wife of Willis Thompson, defendant in fi. fa., filed her claim on March 19, 1923. Another levy was on 60 acres of land, on which P. C. Buice resided, known as the Rollie Thompson place, to which Selena Thompson filed a claim on March 19, 1923. The third levy, dated March 7, 1923, was on 60 acres of land whereon Willis Thompson resided, and described in the entry of levy. This land also was claimed by Selena Thompson. All these claims came on to be tried at the August term, 1925, of Forsyth superior court, and under the direction of the court were consolidated and tried together, separate verdicts being rendered in each case, finding the property levied on subject to the fi. fa., and one judgment was entered by the court by consent of the parties. A motion for new trial was made by the claimant, on the usual general grounds. She afterwards amended the motion, setting out several special

Actions, 1 C. J. p. 1124, n. 16.
Appeal and Error, 4 C. J. p. 852, n. 56.
Juries, 35 C. J. p. 375, n. 58; p. 378, n. 92.
Trial, 38 Cyc. p. 1269, n. 20; p. 1617, n. 34.

grounds. This motion was overruled, and she excepted. In the bill of exceptions she recites, among other things, two certain exceptions pendente lite filed by her and certified by the court, complaining of matters which took place on the trial of the case.      °

1. From the first exception pendente lite it appears that when these cases were called for trial, counsel for plaintiff in fi. fa. moved the court that the cases be consolidated and tried together, to which motion counsel for claimant objected. The court ordered that the three cases be consolidated and tried together before the same jury, and that the jury return a separate verdict in each case. It is insisted by plaintiff in error that the court erred in consolidating and directing that her cases be tried together; that there were three separate and distinct levies, two on land in separate tracts to which claimant derived her title from separate sources, and one on personal property to which the defendant in fi. fa. had not claimed title. We are of the opinion that the court did not err, under the facts of this case, in ordering the cases consolidated and tried together. While there were three levies in the case, there was but one issue, and that is whether the property was subject to the fi. fas. levied upon the property, and, to ascertain this, whether the transaction involved was one between husband and wife, and whether the transaction was fraudulent. The exception to the ruling of the court on this point is without merit.

2. During the trial of the case, at the time the claimant was called upon to strike a jury, claimant's counsel made the point before the court that the list of the jury submitted by the court, from which the jury was to be stricken, should not be put upon claimant, for the reason that twelve of the twenty-four who were on the list had just been charged with the trial of the case of W. S. Davenport, plaintiff in fi. fa. against this claimant, the same being a claim case involving one of the same tracts of land involved in this case, which jury rendered a verdict adverse to this claimant. This was a challenge to the array; and we are of the opinion that the plaintiff in error could not challenge the array upon the ground stated, but that the remedy was by challenge to the poll; and this she did not do. Besides, the challenge to the array must be in writing. Penal Code (1910), § 998. And see *Schnell* v. *State,* 92 *Ga.* 459 (17 S. E. 966) ; *Brown* v. *State,* 97 *Ga.* 215 (22 S. E. 403) ; *Bryan* v. *State,* 124 *Ga.* 79 (52 S. E.

298) ; *Coleman* v. *State,* 141 *Ga.* 731 (1 *b*) (82 S. E. 228). And see also, with reference to the selection of jurors in civil cases, *Mayor* v. *Goetchius,* 7 *Ga.* 139 ; *Justices* v. *Griffin &c. Plank Road Co.,* 15 *Ga.* 39 ; *Howell* v. *Howell,* 59 *Ga.* 145 ; *Melson* v. *Dixon,* 63 *Ga.* 682 (36 Am. R. 128). So we are of the opinion that under the rulings in the foregoing cases the oral objection to the array of jurors is without merit.

3. Other headnotes require no elaboration.

*Judgment affirmed. All the Justices concur.*