BENJAMIN *et al.* *v.* WEINTRAUB, executor.

No. 7447.   JANUARY 16, 1930.

*Callaway & Howard, Cohen & Gray,* and *Hatcher & Hatcher,* for plaintiffs in error.

*Lewis & Lewis* and *Lee, Congdon & Fulcher,* contra.

GILBERT, J. 1. The general rule is that the discretion of the trial judge in granting or refusing a continuance will not be disturbed unless manifestly abused. There were two motions to continue, both based on the absence of witnesses. In neither motion was it shown what the desired witnesses would testify if present, or that either of them had ever stated such facts to counsel for movant. Only one of the witnesses had been subpœnaed, Mrs. Frejda Podorowska, who resides in Poland. She was present on the courthouse grounds in Waynesboro, but refused to attend. A female witness is not obliged, as a general rule, to attend court in order

to testify. *Powell* v. *Augusta & Summerville R. Co.*, 77 *Ga.* 192 (4) (3 S. E. 757) ; *Western & Atlantic R. Co.* v. *Denmead*, 83 *Ga.* 351 (9 S. E. 683) ; *Augusta &c. R. Co.* v. *Randall*, 85 *Ga.* 297 (11 S. E. 706) ; *Bennett* v. *Patten*, 148 *Ga.* 66 (95 S. E. 690). "Any female witness may be examined on interrogatories by commission, at the instance of either party in any civil case." Civil Code (1910), § 5886. The statements of counsel concerning the agreement between them with regard to procuring the attendance of witnesses are in conflict. The facts shown do not take the present case out of the general rule.

■ One ground of the motion complains that the court erred in permitting one of counsel for the propounder to state, in the presence of the jury: "Having in mind the fact that [counsel for caveatrices] announced in court yesterday morning that he was very much embarrassed in not having certain witnesses here, in the person of Dr. Houston and some other witnesses that he had expected to have present on the trial, we did not want to be under any disadvantage by reason of the fact that there may have been some difference of opinion between [counsel for Mrs. Podorowska and counsl for caveatrices], and so I took the initiative last night and communicated with these witnesses and asked them if they would be willing to appear in court, and they said to me that they would be willing to appear for [counsel for caveatrices] and to give [ ?] testimony as they knew about the case and tell all that they knew about it on the same terms and conditions on which they had told [counsel acting for Mrs. Podorowska] they would come, that is, their expenses out of Augusta to be paid for the purpose of attending trial and giving testimony. So I communicated with [counsel for caveatrices] last night . . that these witnesses were perfectly willing to come. I don't know whether arrangements have been made or not, but I felt it was due the court and our client that there was no possible suggestion that we didn't want everybody to come into court and give testimony that could be gotten here. We have nothing to conceal in this case. In fact we want everything about it to come out in court; and with this explanation we are ready to go on with our case." To this statement counsel for caveatrices replied: "Last night about nine o'clock I got a message that [counsel for propounder] had gone by and seen Dr. Houston, and he consented to come down provided we agreed to pay

$175. That coming from the attorney for the opposite parties, I certainly did not bring down any such witnesses at my expense." The complaint is that the statement of counsel for propounder was made for the purpose of prejudicing the minds of the jury. This ground does not show cause for reversal.

■ Movant complains, in two other grounds, of excerpts from the charge of the court, to wit: (1) "A person standing in a confidential relation to another is not prevented from exercising any influence whatsoever to obtain a benefit to himself." (2) "You would not be authorized to set aside the will of the testator in this case, unless you believed from the evidence that the propounder, Sigmond Weintraub, or others in his behalf, were so persistent in their efforts to procure the testator to make a will in his favor as to cause the testator to make a will which he was powerless to refuse to make." These excerpts, considered in connection with the entire charge, do not show error. *DeNieff* v. *Howell,* 138 *Ga.* 248 (75 S. E. 202); *Ricketson* v. *Ricketson,* 151 *Ga.* 540 (107 S. E. 522).

■ The verdict is supported by evidence.

*Judgment affirmed. All the Justices concur.*