## PORCH v. THE STATE.

ATKINSON, Presiding Justice. 1. The fact that an accused is imprisoned is no reason why he should not make preparation for his defense, and, on a motion for continuance or postponement, the time and opportunity which counsel has had to prepare for trial is within the sound discretion of the trial judge and will not be interfered with unless abused. *Woodward* v. *State*, 197 *Ga*. 60 (1), (28 S. E. 2d, 480), and citations.

2. (*a*) A challenge to the array of jurors must be in writing. Code, § 59-803; *Thompson* v. *Buice*, 162 *Ga*. 556 (2), (134 S. E. 303), and

citations. Nor can a challenge to the array be made a ground of a motion for new trial, but such question should be raised in a bill of exceptions or exceptions pendente lite. *Mattox* v. *State,* 181 *Ga.* 361 (1), (182 S. E. 11), and citations.

(*b*) The improper remark made by the witness was ruled out by the trial judge, who also instructed the jury not to consider it in making their verdict; and the refusal to declare a mistrial was not error. *Brown* v. *State,* 203 *Ga.* 218 (7), (46 S. E. 2d, 160); *Hicks* v. *State,* 196 *Ga.* 671 (27 S. E. 2d, 307).

3. While a defendant in a criminal case cannot be placed under oath, he may consent to be cross-examined. *Roberts* v. *State,* 189 *Ga.* 36 (1), (5 S. E. 2d, 340). The colloquy here between the court, the attorney for the accused, and the solicitor-general, when considered as a whole, was not a denial of the right of accused to be cross-examined, nor did it tend to depreciate the effect of the defendant's statement, or amount to an expression of opinion as to the defense of the accused.

4. The evidence authorized the verdict.

*Judgment affirmed. All the Justices concur.*

No. 17360. FEBRUARY 13, 1951. REHEARING DENIED MARCH 14, 1951.

*Joseph S. Crespi* and *Hugh C. Carney,* for plaintiff in error.
*Eugene Cook, Attorney-General; James T. Manning, Solicitor-General, J. R. Parham, Assistant Attorney-General,* contra.