25163.   FURMAN v. THE STATE.

DUCKWORTH, Chief Justice.   This case involves the crime of murder by shooting, occurring during a burglary after the intruder had been discovered by the deceased who was then shot through a closed door.   The accused was indicted, tried and convicted without a recommendation for mercy.   A motion for new trial, as amended, was filed, heard and overruled, and the appeal is from the judgment, after conviction, and sentence with error enumerated on the denial of the motion for new trial, as amended.   *Held:*

1. A juror having been excluded for cause because he stated that his opposition to the death penalty would affect his decision as to a defendant's guilt, his exclusion did not fall within the rule as laid down in Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776), and the court did not err in excluding him for cause.   There is no merit in the amended motion complaining that the exclusion violated the rule in the Witherspoon case, supra.

2. The record showing a definitive determination from a consideration of the evidence by the trial judge, out of the jury's presence, that upon his arrest the accused had his constitutional rights explained to him, including the right to remain silent, the right of counsel, and that anything he said might be used against him in court, and that he thereafter freely and voluntarily and knowingly made certain statements in regard to the crime, the same were admissible both legally and factually, and all the requirements of Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974); Gideon v. Wainright, 372 U. S. 335 (83 SC 792, 9 LE2d 799, 93 ALR2d 733); Escobedo v. Illinois, 378 U. S. 478 (84 SC 1758, 12 LE2d 977); and Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908, 1 ALR3d 1205), have been complied with fully and completely.   We find no merit in the contention of counsel that his constitutional rights had been violated.

3. We find no violation of Miranda v. Arizona, 384 U. S. 436, supra, as contended by counsel, hence the extrinsic evidence of fingerprints, admissions, and pistol were properly allowed in evidence against him and should not have been suppressed. *Manor v. State,* 223 Ga. 594 (3) (157 SE2d 431); Schmerber v. California, 384 U. S. 757 (86 SC 1826, 16 LE2d 908); Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889).

4. The statutes of this State authorizing capital punishment have repeatedly been held not to be cruel and unusual punishment in violation of the Constitution. See *Sims v. Balkcom,* 220 Ga. 7 (2) (136 SE2d 766); *Manor v. State,* 223 Ga. 594 (18), supra. Hence, there is no merit in this complaint.

5. The record discloses that the accused was arrested on August 11, 1967, and a commitment hearing held on August 15, 1967. While *Code Ann.* § 27-212 (Ga. L. 1956, pp. 796, 797) requires a hearing within 48 hours, nevertheless, a detention or imprisonment beyond a reasonable time does not render the verdict of a jury after indictment illegal or void. It has already been held above that the evidence of fingerprints, pistol and admissions which were obtained after his arrest, could be used against him and no secret inquisition or interrogation is claimed in this case. See *Dukes v. State,* 109 Ga. App. 825 (1) (137 SE2d 532); *Pistor v. State,* 219 Ga. 161 (132 SE2d 183).

6. The admission in open court by the accused in his unsworn statement that during the period in which he was involved in the commission of a criminal act at the home of the deceased, he accidentally tripped over a wire in leaving the premises causing the gun to go off, together with other facts and circumstances surrounding the death of the deceased by violent means, was sufficient to support the verdict of guilty of murder, and the general grounds of the motion for new trial are not meritorious. See *Code* § 26-1004; *Williams v. State,* 222 Ga. 208 (149 SE2d 449); *Manor v. State,* 223 Ga. 594, supra.

7. Having considered every enumeration of error argued by counsel in his brief and finding no reversible error, the judgment is

*Affirmed. All the Justices concur.*

Submitted April 15, 1969—Decided April 24, 1969.

Andrew J. Ryan, Jr., District Attorney, Robert E. Barker, Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, Larry H. Evans, for appellee.