25260. MANOR v. THE STATE.

SUBMITTED JULY 14, 1969—DECIDED SEPTEMBER 9, 1969—
REHEARING DENIED SEPTEMBER 29, 1969.

*Aaron Kravitch,* for appellant.

*Andrew J. Ryan, Jr., District Attorney, Andrew J. Ryan, III, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Mathew Robins, Assistant Attorneys General,* for appellee.

ALMAND, Chief Justice. Robert Manor was indicted for the murder of Lucille Williams. He was tried, found guilty and sentenced to death. His motion for a new trial upon the general grounds and 29 special grounds being overruled, he filed his notice of appeal, in which he enumerated as error each of the grounds contained in the amended motion for a new trial.

This is the third appearance of this case in this court. On the two previous reviews, new trials were granted (221 Ga. 866 and 223 Ga. 594).

■ Enumerated errors 1, 13, 17, 22 and 23 will be considered together. Each of these grounds challenged the overruling of the objection that two women on the trial jury panel were not qualified to serve under the law as stated in *Code Ann.* § 59-112.

Code Ann. § 59-112 provides that any woman who does not desire to serve on juries shall make a request in writing to the jury commissioners or their clerk not to be placed in the jury box. It further provides that any housewife with children 14 years of age or under may be excused from jury service. This Code section deals with a class of persons who may ask to be exempted from jury service, and does not deal with eligibility for service. There was no evidence that the two women jurors were not on the official list of petit jurors. This statutory exemption from jury service is personal and may not be urged by a party to the case being tried. *Morris v. State,* 185 Ga. 67 (194 SE 214).

The court did not err in holding that the jurors were qualified.

■ Error No. 2 is assigned on the refusal of the court to afford counsel the opportunity to examine the State's files as to reports, photographs, statements and findings of the investigating officers. Under prior decisions of this court, this ruling was not error. *Blevins v. State,* 220 Ga. 720 (2) (141 SE2d 426); *Williams v. State,* 222 Ga. 208 (149 SE2d 449); *Jones*

*v. State,* 224 Ga. 283 (161 SE2d 302); and *Bryan v. State,* 224 Ga. 389 (162 SE2d 349).

■ Error No. 3 is assigned on the refusal to declare that, "the statute with reference to attorney's fees and expenses be declared illegal and unconstitutional for the reason that it is too restrictive and does not give defendant the equal protection of the law which he is entitled to." Neither the statute nor any provision of any constitution is set out in the objection. The objection is therefore too vague and indefinite to call for any ruling.

■ Enumerations 4 and 5 complain that the court erred, (a) in refusing to grant funds to defense counsel to aid in the investigation of the case and its preparation for trial; and (b) that the failure to grant reasonable attorney's fees at the inception of the trial deprives the defendant of his rights under amendments 5, 6 and 14 of the Constitution of the United States, and *Code Ann.* §§ 2-102, 2-103, 2-104 and 2-105.

Under the Act of 1953 (Ga. L. 1953, Nov. Sess., p. 478), counsel appointed by the court in a capital felony case to represent an indigent may be granted a reasonable sum as compensation for his services, the sum to be not less than $50 nor more than $150 as determined in the discretion of the court. He may also be granted such sums as have actually been expended in the necessary preparation and investigation of the case; and at the conclusion of his services, counsel must submit an accurate statement as to such services and expenses which the court will then order to be paid. The statute contemplates payment for services and expenses after the completion of the case in the trial court. Here, the request was made at the beginning of the trial. The court did not err in refusing to comply with this request. (See the ruling made in the prior appearance of this case in 223 Ga. 594 (4)).

■ Enumerations of error 6 and 9 complain of the court's overruling of the defendant's challenge to the array of the jury panel put on him. The record discloses that this motion was orally made. The ground cannot be considered because the challenge was not in writing. *Thompson v. Buice,* 162 Ga. 556 (134 SE 303); *Porch v. State,* 207 Ga. 645 (63 SE2d 902).

■ Enumerations of error 7, 24, 25 and 26 complain of the admission of certain testimony, offered by the State as to the taking of the defendant's fingerprints; and that the fingerprints found on the premises where the murder was committed, were the same as the prints taken of the defendant. It is urged that the admission of this evidence caused the defendant to testify against himself, and that the defendant was not advised of his constitutional rights with regard to the taking of his fingerprints.

The record shows that these prints were taken after his second trial, and while he was under lawful detention; that his counsel was notified of the taking of the fingerprints prior to the time that they were taken, and that counsel stated that he did not care to be present. It further shows that the defendant did not object to the taking of his fingerprints. It was not error to overrule the objections and admit the evidence relating to the fingerprints of the defendant. *Manor v. State,* 223 Ga. 594, supra; Schmerber v. California, 384 U. S. 757 (86 SC 1826, 16 LE2d 908). The recent case of Davis v. Mississippi, 394 U. S. 721 (89 SC 1394, 22 LE2d 676), is not in point for the reason that the fingerprints of the defendant in the instant case were taken while he was in lawful custody. In the Davis case, they were taken while he was being illegally detained in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

■ Enumerations of error 8, 10, 11, 12 and 16 complain that the court's excusing jurors opposed to capital punishment after interrogation was error. Jurors G. C. Adams, A. L. Pleasant, Walter Hartridge and J. W. Anchors, on voir dire, stated that they were conscientiously opposed to capital punishment and that they would refuse to impose the death penalty regardless of the evidence in the case, and that they admitted that being opposed to the death penalty would prevent them from making an impartial decision as to the guilt or innocence of the defendant. It was not error to excuse these jurors for cause. Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776); *Whisman v. State,* 224 Ga. 793 (164 SE2d 719).

■ Enumeration of error 14 asserts that the court erred in sustaining an objection to counsel's questioning of a prospective juror with regard to whether she had recently served on a jury which imposed the death penalty. The ruling was not error.

■ Enumeration of error 15 states that the court erred in refusing to permit counsel to inquire from a named prospective juror whether she had an opinion as to the guilt or innocence of the defendant, and as to what her opinion was. The record discloses that the court permitted the question to be posed to, and answered by, the juror.

■ Enumeration of error 18 charges that the court erred in permitting Ebenezer Boyd to be qualified as a juror when defense counsel was not permitted to question him as to the verdict returned in other cases in which he sat on the jury. The ruling in Division 8 of this opinion resolves this contention adversely to the appellant.

■ Enumerations of error 19, 20 and 21 complain of the court's admitting into evidence the testimony of a witness who had testified at a previous trial. The same objections were made on the second trial of this case, and the court, on review of the trial, ruled adversely to the appellant's contention. *Manor v. State*, 223 Ga. 594 (9), supra.

■ Enumerations of error 27, 28 and 29 assert that the court erred in denying the defendant's motion to exclude the evidence of the witnesses as to the comparison of the fingerprints, on the ground that the fingerprint cards were writings and had not been shown to the defense before the State announced ready. When this case was here before, it was ruled that these grounds were without merit. *Manor v. State*, 223 Ga. 594 (8), supra.

■ The evidence fully supports the verdict.

It was not error to overrule the motion for a new trial.

*Judgment affirmed. All the Justices concur.*