### 25603. LEE, alias King v. THE STATE.

FELTON, Justice. 1. Enumerated error 1, the exclusion of prospective veniremen who stated their opposition to the death penalty, is without merit. The trial court certified that no juror was rejected for cause because he was opposed to capital punishment and that several who expressed such opposition were rejected by the State by the use of its peremptory strikes.

2. There is no merit in enumerated errors 2 and 3, which attack the constitutionality of the statutes of this State authorizing

capital punishment. *Chatterton v. Dutton,* 223 Ga. 243 (154 SE2d 213), cert. den. 389 U. S. 914; *Furman v. State,* 225 Ga. 253 (4) (167 SE2d 628); *Jackson v. State,* 225 Ga. 790, 792 (171 SE2d 501).

3. Where the appeal is from the judgment overruling the motion for a new trial, and where there is enumerated as error generally the overruling of said motion as amended and enumerated as error specifically some, but not all, of the special grounds of said motion, appellant's failure to argue in this court, either orally or by brief, the general grounds and those special grounds not specifically enumerated as error, constitutes an abandonment of such grounds not argued. *Jackson v. State,* supra, p. 793 (6) and cit. The special ground complaining of the failure to charge on the defendant's insanity, although so abandoned, does not show error as a matter of law since there was no request for such a charge and the issue of insanity was not raised by the pleadings or the evidence. Enumerated error 4 is without merit.

4. Although the general grounds were waived, we have examined the record in this death sentence capital felony case. See *Jackson v. State,* supra, p. 794 (7) and cit. The verdict was authorized by evidence that the decedent observed a colored man walking toward the open door in an apartment in the building in which the decedent lived; that decedent asked the intruder what he was doing there; that the decedent's companion heard three shots, then turned to see the intruder holding a pistol to the victim's chest; that there had been no scuffle between the victim and his assailant; that some articles previously stolen from the said building were located in a pawn shop in the defendant's name; that, several days after the shooting, the police discovered in the defendant's home articles stolen from the same apartment unit in which the victim was killed; that the defendant admitted burglarizing the apartment and shooting the decedent.

5. Enumerated error 5 asserts the denial to the defendant of the effective assistance of counsel. "Effective assistance does not mean that a defendant is entitled to have the best counsel appointed . . . but it does mean that he must have such assistance as will insure him due process of law. . . 'We interpret counsel to mean not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assis-

tance.' " Pineda v. Bailey, 340 F2d 162, 164 (5th Cir., 1965). Although the defendant had court-appointed counsel at the preliminary hearing, his own employed counsel represented him at the trial of the case. Failure to raise constitutional defenses on the trial does not indicate ineffective assistance, since all of such defenses raised by the motion for a new trial have been herein held invalid. Neither does his failure to submit to the court any requests to charge show harmful error in the absence of a showing that the charge given was not adequate or accurate as a matter of law. There is nothing in the record which shows that he should have raised the issue of the defendant's sanity. The record contains the affidavits of a jailer and two deputy jailers who had custody of the defendant, to the effect that he was apparently of sound mind with no mental instability while in their custody. Also in the record are the affidavits of five practicing attorneys, to the effect that, from their own personal knowledge of the defendant's trial counsel, he was a competent criminal attorney. This enumerated error is without merit.

Accordingly, the trial court did not err in its judgment overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 13, 1970—DECIDED FEBRUARY 19, 1970.

*Bobby L. Hill*, for appellant.

*R. William Barton*, District Attorney, *Arthur K. Bolton*, Attorney General, *Harold N. Hill, Jr.*, Executive Assistant Attorney General, *Marion O. Gordon*, Assistant Attorney General, *Larry H. Evans*, for appellee.