25147. SULLIVAN v. THE STATE.
25163. FURMAN v. THE STATE.
25260. MANOR v. THE STATE.
25385. PARK v. THE STATE.
25435. JACKSON v. THE STATE.
25494. THACKER v. THE STATE.
25517. CUMMINGS v. THE STATE.
25584. WILLIAMS v. THE STATE.
25601. ARKWRIGHT v. THE STATE.
25603. LEE v. THE STATE.
25678. WALKER v. THE STATE.
25959. MILLER v. THE STATE.
26046. HENDERSON v. THE STATE.

DECIDED NOVEMBER 16, 1972.

PER CURIAM. These cases[1] have been remanded to this court by the Supreme Court of the United States. The mandate of the Supreme Court of the United States in each case directs that the judgment of this court be vacated insofar as it leaves undisturbed the death penalty imposed; the mandate also directs further proceedings in this court consistent with Stewart v. Massachusetts, 408 U. S. 845 (92 SC 2845, 33 LE2d 744) (1972).

The decision of the Supreme Court of the United States in Stewart v. Massachusetts is as follows: "The imposition and carrying out of [the] death penalty constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments."

Pursuant to the mandate of the Supreme Court of the United States vacating the death penalty imposed in these

[1]See *Sullivan v. State,* 225 Ga. 301; *Furman v. State,* 225 Ga. 253; *Manor v. State,* 225 Ga. 538; *Park v. State,* 225 Ga. 618; *Jackson v. State,* 225 Ga. 790; *Thacker v. State,* 226 Ga. 170; *Cummings v. State,* 226 Ga. 46; *Williams v. State,* 226 Ga. 140; *Arkwright v. State,* 226 Ga. 192; *Lee v. State,* 226 Ga. 162; *Walker v. State,* 226 Ga. 292; *Miller v. State,* 226 Ga. 730; *Henderson v. State,* 227 Ga. 68.

cases the former judgments of this court in the cases are now vacated, and the judgment of the trial court in each case is affirmed except for that portion thereof which imposes the death penalty.

Direction is given to the trial courts as follows:

The presiding judge in the trial court shall enter a judgment sentencing the defendant to be imprisoned for the balance of his life, this being the only lawful sentence which may be entered upon the conviction and finding of the jury that the defendant should receive the maximum sentence permitted by law.

Under decisions exemplified by *Fowler v. Grimes*, 198 Ga. 84, 92 (31 SE2d 174), it is not necessary that the defendant be present in open court or represented by counsel. However, direction is given that each defendant and his counsel of record be served with a copy of the life sentence within five days from the date of entry.

*Judgment affirmed with direction. All the Justices concur.*

JORDAN, Justice, concurring specially. 1. I concur in this order and judgment solely because this court is bound by the mandate of the Supreme Court of the United States. I want the record to show that I do not consider the death penalty in all cases to be such cruel and unusual punishment as is proscribed by constitutional provisions. The State's brief in these cases has outlined in detail the heinous character of the crimes committed by the defendants in these cases. To have exacted the death penalty from them, after proper trial and conviction, could not be more cruel and inhumane than the cruel and inhumane treatment which they inflicted upon their victims and their families.

The purpose of this special concurrence is merely to add my view to that already expressed on many occasions by the members of this court to the effect that capital punishment is not cruel and unusual punishment in violation of the Constitution. See *Lee v. State*, 226 Ga. 162 (173 SE2d 209); *Furman v. State*, 225 Ga. 253 (167 SE2d 628); *Williams v. State*, 226 Ga. 140 (173 SE2d 182); *Manor v. State*,

223 Ga. 594 (157 SE2d 431); and *Massey v. State,* 222 Ga. 143 (149 SE2d 118).

2. While my colleagues are content with the language of the order as set forth, it is my opinion that the order should clearly and expressly specify that the life sentence now to be imposed under said order shall be subject to all laws and regulations applicable to such sentence as if it had been rendered on the date of the original sentence. See *Code Ann.* § 27-2505; *Code Ann.* § 27-2530; and *Code Ann.* § 77-525.