## 51073. McGINNIS v. THE STATE.

MARSHALL, Judge.

Appellant enumerates two errors, both dealing with the selection of the jury, in his appeal from a conviction of

possessing and selling marijuana.

1. Appellant orally challenged the array of jurors (three panels consisting of 12 jurors on each panel) after discovering on voir dire of each panel that only one of the 36 jurors was under age 35. Appellant was age 25. Appellant contends in his first enumeration that because of the underrepresentation of his age group on each panel, they did not represent a fair cross section of the community.

The transcript of the voir dire indicates that 4 of the 36 jurors were under age 35. But, regardless of the merits of the alleged underrepresentation of a certain age group (in this regard, compare *State v. Gould,* 232 Ga. 844 (2) (209 SE2d 312) with *Julian v. State,* 134 Ga. App. 592 (1) (215 SE2d 496)), the challenge was faulty in two respects. First, it was a challenge to the array and must be made in writing as required by Code § 59-803. The challenge here was made orally before the jury was sworn. See *Manor v. State,* 225 Ga. 538 (5) (170 SE2d 290). Secondly, the appellant did not show any disparity between the traverse jury list and the community. No attempt has been made to show that the board of jury commissioners, in making up the traverse jury list, systematically excluded any significantly identifiable group in the community. "Purposeful discrimination is not shown by evidence that a single panel from whom 12 are chosen for the jury contained a disproportionately small percentage of women or blacks compared to the population at large." *Scudiere v. State,* 130 Ga. App. 477, 482 (12) (203 SE2d 581). See *White v. State,* 230 Ga. 327, 331-332 (196 SE2d 849); *Butler v. State,* 134 Ga. App. 131 (5) (213 SE2d 490); Frazier v. United States, 335 U. S. 497 (69 SC 201, 93 LE 187); Akins v. Texas, 325 U. S. 398, 403 (65 SC 1276, 89 LE 1692).

2. Appellant's counsel, on voir dire, discovered that one juror had previously served on a jury. The judge did not permit examination as to what verdict had been reached by the jury in that previous case. The judge also refused to permit the examination of other jurors along the same line. Appellant contends that this restriction on his right to a thorough examination on voir dire prejudiced him, in that such information "could indicate a

leaning or inclination of a juror."

The information sought by this examination was properly excluded. Under Ga. L. 1949, p. 1082; 1951, pp. 214, 215 (Code Ann. § 59-705) counsel "shall have the right to inquire of the individual jurors examined touching any matter or thing which would illustrate any interest of the juror in the cause, including . . . any fact or circumstance indicating any inclination, leaning or bias which the juror might have *respecting the subject-matter of the suit. . ."* (Emphasis supplied.) We do not see how the juror's participation in reaching a verdict in a prior case, totally unrelated to the case being tried, can be relevant to "the subject matter of the suit." See *Thacker v. State,* 226 Ga. 170 (6) (173 SE2d 186). The trial judge "still retains the discretion to limit the examination of prospective jurors to questions dealing directly with the specific case." *Hill v. State,* 221 Ga. 65 (8) (142 SE2d 909). See also, *Curtis v. State,* 224 Ga. 870 (2) (165 SE2d 150); *Freeman v. State,* 132 Ga. App. 615 (208 SE2d 625).

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

A<small>RGUED</small> S<small>EPTEMBER</small> 16, 1975 — D<small>ECIDED</small> S<small>EPTEMBER</small> 26, 1975.

*Travis & Furlong, Thomas A. Travis,* for appellant.
*Richard Bell, District Attorney, J. Ralph McClelland, III, Assistant District Attorney,* for appellee.