Dee Wayne MASSEY, Petitioner-Appellant,

v.

Charles BALKCOM, Arthur K. Bolton, Respondents-Appellees.

No. 80–7554
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Unit B

April 9, 1981.

Dee Wayne Massey, pro se.

John W. Dunsmore, Jr., Asst. Atty. Gen., Atlanta, Ga., for respondents-appellees.

Before HILL, FAY and ANDERSON, Circuit Judges:

PER CURIAM:

Dee Wayne Massey, a state prisoner, appeals from the district court's dismissal of his habeas corpus petition. *See* 28 U.S.C. § 2254 (1976). Massey argues that he was unconstitutionally resentenced after his

---

death sentence was vacated in light of the United States Supreme Court's decision in *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed. 346 (1972).[1] Because we find no constitutional infirmity in Georgia's resentencing of Massey, we affirm.

In 1965, Massey was convicted by a jury of rape and sentenced to die. The judgment was affirmed. *Massey v. State*, 222 Ga. 143, 149 S.E.2d 118 (1966). Two years later, because of the decision by the United States Supreme Court in *Witherspoon v. Illinois*, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968),[2] that judgment was set aside and a new trial was ordered. *Massey v. Smith*, 224 Ga. 721, 164 S.E.2d 786 (1968). A second jury convicted Massey and sentenced him to die. Four years after that, Massey's sentence was vacated,[3] and he was resentenced by the trial court to life imprisonment in accordance with the mandate of the Georgia Supreme Court in *Sullivan v. State*, 229 Ga. 731, 194 S.E.2d 410 (1972). Massey petitioned for habeas corpus relief in the Georgia courts, challenging the right of the trial court to resentence him without allowing him to appear again before the court. When this relief was denied, Massey turned to the federal courts.

Massey's argument is straightforward. Citing Ga.Code § 27–2534, which delineated the sentencing procedure in felony cases in effect at the time of his resentencing, Massey maintains that he should have been allowed to replead his case before a jury and have that jury resentence him. Massey is correct insofar, as he argues that his resentencing must accord with state law. But in *Rose v. Hodges*, 423 U.S. 19, 22, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975), the United States made clear that if a state chooses to allow the reduction of "a death penalty to a term of years without resort to further judicial proceedings, the United States Constitution affords no impediment to that choice." The Court explained that "[n]either *Furman* nor any other holding of this Court requires that following such a commutation the defendant shall be entitled to have his sentence determined anew by a jury."

Georgia allows such a sentence reduction. In *Sullivan v. State*, 229 Ga. at 732, 194 S.E.2d 410, the Georgia Supreme Court, after vacating a number of death sentences, directed:

> The presiding judge in the trial court shall enter a judgment sentencing the defendant to be imprisoned for the balance of his life, this being the only lawful sentence which may be entered upon the conviction and finding of the jury that the defendant should receive the maximum sentence permitted by law.

> Under decisions exemplified by *Fowler v. Grimes*, 198 Ga. 84, 92, 31 S.E.2d 174, it is not necessary that the defendant be present in open court or represented by counsel.

The reduction of Massey's sentence from death to life imprisonment was thus proper under Georgia law. There has been no constitutional violation. Accordingly, the district court correctly dismissed this petition.

AFFIRMED.

---

1. In *Furman v. Georgia*, 408 U.S. 238, 239–40, 92 S.Ct. 2726, 2727 (1972), the United States Supreme court held "that the imposition and carrying out of the death penalty in these cases [two of which involved death sentences imposed pursuant to Georgia law] constitute cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments."

2. In *Witherspoon v. Illinois*, 391 U.S. 510, 522, 88 S.Ct. 1770, 1773 (1968), the United States Supreme Court held "that a sentence of death cannot be carried out if the jury that imposed or recommended it was chosen by excluding veniremen for cause simply because they voiced general objections to the death penalty or exposed conscientious or religious scruples against its infliction."

3. *See* note 1 and accompanying text *supra*.