## 66025. HUTCHINSON v. THE STATE.

DEEN, Presiding Judge.

Marcus Hutchinson appeals his conviction of burglary contending that the trial court erred in admitting into evidence a fingerprint card which he claims placed his character into evidence. *Held:*

The objection at trial was based on the contention that the jury could see through a piece of white paper that was taped over the words "theft by taking." A darker piece of paper was substituted at the court's request and the word "charge" was also covered at counsel's request. Counsel renewed his objection but did not object to the words "Date Arrested or Received — DOA: 11677" which also appeared on the card.

We have examined the original card and find that the dark piece of paper taped over the charge completely covers and obscures the writing underneath. Any objection to the inclusion of the arrest date has been waived by failure to object. As a mug shot may be introduced without placing the defendant's character in issue, *Stanley v. State,* 250 Ga. 3 (295 SE2d 315) (1982), *Creamer v. State,* 229 Ga. 704 (194 SE2d 73) (1972), we see no reason why a fingerprint card which conceals the charge is not similarly admissible to show that the fingerprints found on some glass near the scene of the crime belonged to the defendant.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED MARCH 17, 1983.

*Gordon B. Smith,* for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney,* for appellee.