71938. WOODLIFF v. THE STATE.
(339 SE2d 777)

BANKE, Chief Judge.

The appellant and a co-defendant were charged with twice burglarizing the same house, once on January 31, 1985, and again on February 5, 1985. The appellant was acquitted of the first burglary but found guilty of the second. On appeal, he contends that his character was improperly placed in issue when, in laying the foundation for the introduction of certain fingerprint identification testimony tending to connect him to the January 31st burglary, a police fingerprint expert was allowed to testify that "[w]e had the known record prints of these two individuals in our files. . ." *Held*:

It has been held that the admission of a defendant's fingerprint cards on file with the police, like the introduction of a defendant's "mug shot" on file with police, does not, in and of itself, operate to place his character in issue. See *Hutchinson v. State*, 165 Ga. App. 837 (303 SE2d 169) (1983). Accord *Gravitt v. State*, 239 Ga. 709, 712 (239 SE2d 149) (1977); *Grant v. State*, 161 Ga. App. 403 (2) (288 SE2d 118) (1982). It follows that the admission of the testimony complained of in this case may not be considered error. In any event, since the appellant was caught virtually "redhanded" on the occasion of the February 5th burglary, and since this was the only offense of which he was convicted, it follows that the admission of the testimony cannot be considered to have been harmful to him. See generally *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

*William P. Keenan*, for appellant.
*Hobart M. Hind, District Attorney, Nancy T. Smith, Assistant District Attorney*, for appellee.