74580. WILLIAMS v. THE STATE.
(361 SE2d 15)

Carley, Judge.

Appellant was tried before a jury on an indictment charging him with two counts of armed robbery and one count of possession of a firearm during the commission of a crime. The jury returned a verdict of guilty on all counts. Appellant's motion for new trial was denied and he appeals from the judgment of conviction and sentence entered on the jury verdict.

At trial, two witnesses for the State testified that fingerprints at the scene of the crime matched those of appellant. This testimony was based upon the expert's comparison of the fingerprints found at the scene of the crime with a fingerprint card which bore appellant's prints and which had been taken in conjunction with another criminal investigation conducted in 1977. Appellant's counsel objected to the admission of the fingerprint card, asserting that any reference on its face to another criminal investigation in 1977 would have the erroneous effect of introducing appellant's character into evidence. The trial court agreed but, rather than excluding the fingerprint card from evidence, it ordered that the objectionable information be whited-out. The copy of the fingerprint card that was sent out with the jury contained only general information concerning appellant and made no reference either to the date or to the purpose for which his prints had been taken. On appeal, appellant's sole enumeration of error is the admission into evidence of the copy of his altered 1977 fingerprint card.

"A fingerprint is far from fungible. . . . A fingerprint card, thus, may be admitted into evidence without the showing of a chain of custody since it can be readily identified by reference to the subject's fingerprints." Hill v. State, 254 Ga. 213, 214 (3) (326 SE2d 757) (1985). Accordingly, there is no requirement that, in order for a defendant's fingerprint card to be admissible, it must have been taken in connection with the investigation of the crime for which he is currently being tried. There is "no error in admitting [evidence of a defendant's] fingerprints regardless of when they were taken. [Cits.]" Manor v. State, 223 Ga. 594, 595 (3) (157 SE2d 431) (1967). While it

would be error to admit a defendant's fingerprint card if it contained information which tended to place his character into evidence (see *Manor v. State,* supra at 597 (14)), no such error was committed in this case. The trial court ordered the removal of any information appearing on the face of the 1977 fingerprint card which might place appellant's character into evidence. Compare *Manor v. State,* supra at 597 (14). Accordingly, appellant's enumeration of error is without merit.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 9, 1987.

*V. Gail Lane,* for appellant.

*H. Lamar Cole, District Attorney, J. David Miller, Assistant District Attorney,* for appellee.