A89A2152. BROOKS v. THE STATE.
(388 SE2d 386)

DEEN, Presiding Judge.

Appellant Brooks, a young male, was among several neighbors who gathered when another neighbor, a young female hereinafter referred to as "the victim," flattened one of the tires on her automobile when she struck a concrete or stone abutment at the entrance to the complex where she and the others lived. According to the victim's testimony, appellant remained with her in or near the car while some of the others went for help. Again according to the victim, appellant suggested that they go to the telephone in his apartment, which he said was just across the street, to call for assistance. Instead of going to his apartment, the victim testified, appellant led her to an empty apartment, where he committed rape and sodomy. She further testified that when appellant placed his hand over her mouth to prevent her screaming, she bit his finger, causing a gold ring to fall off, and that she surreptitiously picked up the ring and concealed it in her mouth.

As the assailant led the victim out of the empty apartment, she saw another neighbor standing on the balcony of his own apartment and ran towards him. The assailant, whom the victim on several occasions afterward consistently identified as appellant, immediately

walked off in another direction.

The neighbor testified that the victim was disheveled and hysterical, and that he brought her into his apartment and then took her to the police station. After an interview (the interviewing officer testified that the victim shook, stuttered, and appeared terrified as she told him what had happened), police personnel went to the "good Samaritan" neighbor's apartment and retrieved the gold ring and the victim's underwear, both of which had inadvertently been left there. The victim was taken to a hospital, where a rape kit test revealed the presence of no foreign hairs or semen on the victim's clothing or body.

As a police officer took the victim back to the apartment complex and was about to begin an on-site investigation, the victim suddenly shouted "That's him!" and pointed to appellant, who was walking on the apartment complex grounds. Appellant ran, ignoring the officer's shouts of "Halt, police!", but was eventually cornered and taken into custody. The victim made a positive identification at that time, and appellant was arrested and charged with rape and aggravated sodomy.

At trial a forensic expert from the State Crime Laboratory testified to the absence of foreign hairs but stated that this was not unusual when a rape had occurred; a second expert from the State Crime Laboratory corroborated the former's testimony. Several witnesses who had attended the party at which the victim had been present shortly before her automobile accident testified that appellant had also been at the party. They described his jewelry and clothing, giving descriptions that corresponded to the descriptions provided by the victim during her initial interview at the police station. The rather distinctive clothing initially described by the victim (and by witnesses at the trial) was found in the appellant's apartment. Appellant admitted at trial that he had been at the party and also admitted having had sexual relations that night with an unidentified person; he denied, however, that he had had contact with the victim.

A Cobb County jury found appellant guilty on both counts; he was sentenced to twenty years' incarceration on the rape count and ten years on the aggravated sodomy conviction, to be served consecutively. On appeal he enumerates as error (1) the trial court's admitting expert testimony regarding the probability of finding foreign hair samples on an alleged rape victim and (2) the court's permitting a police officer to "bolster" other witnesses' testimony on direct examination. *Held*:

1. The trial transcript reveals that the second forensic expert, Ms. Santa Maria, to whose testimony appellant excepts, was qualified as an expert without objection from appellant, and that she testified only as to matters within her area of expertise. Moreover, the transcript reveals, testimony as to whether the absence of foreign hairs on a rape kit test was unusual was elicited first by the State and subse-

quently by the defense, and the defense made no objection when the testimony was offered in response to the State's question. "[A]dmission of evidence over objection even if [arguendo, it is] error, is harmless when evidence to the same effect has already been admitted without objection." *Griffin v. State*, 170 Ga. App. 287, 290 (316 SE2d 797) (1984); cert. denied. This enumeration is without merit.

2. According to the trial transcript, no objection was made at trial to the testimony whose admission appellant challenges in his second enumeration. It is well settled that, unless the alleged error is of constitutional dimensions, an error raised for the first time on appeal presents nothing for review by the appellate court. *Cooper v. State*, 188 Ga. App. 297 (372 SE2d 679) (1988); *Green v. State*, 187 Ga. App. 373 (370 SE2d 348) (1988). The error raised here does not qualify for the constitutional exception. This enumeration is also without merit.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED NOVEMBER 2, 1989 —
REHEARING DENIED NOVEMBER 16, 1989.

*Michael R. Hauptman*, for appellant.
*Thomas J. Charron, District Attorney, Nancy I. Jordan, Assistant District Attorney*, for appellee.