## A93A0213. STRAWDER v. THE STATE.
(427 SE2d 792)

McMURRAY, Presiding Judge.

Defendant Strawder appeals his conviction of the offenses of aggravated assault, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. *Held*:

1. Defendant's first enumeration of error contends that the trial court erred in permitting the prosecutor to elicit scientific evidence from an expert witness which had not been disclosed in reports served on defendant in violation of OCGA §§ 17-7-211 (b) and 24-10-26. Nonetheless, defendant made no objection or motion for mistrial at the time the testimony he now complains of was given. The absence of a timely objection waives defendant's right to raise this issue on appeal. *Huguley v. State*, 253 Ga. 709, 710 (324 SE2d 729); *Brooks v. State*, 193 Ga. App. 559, 561 (2) (388 SE2d 386).

2. Defendant's remaining enumeration of error complains of the admission into evidence over objection of a fingerprint card taken following an unrelated previous felony arrest of defendant. The fingerprint card gave "date of offense" as "12-18-89," "date of arrest" as "12-18-89," "date" of the fingerprints as "12-18-89," and via Code section numbers referred to the offenses of possession of firearms by convicted felon (OCGA § 16-11-131), carrying a pistol without a license (OCGA § 16-11-128), carrying a concealed weapon (OCGA § 16-11-126), and loitering or prowling (OCGA § 16-11-36). The reference to other crimes not shown to be connected with the one on trial served no useful or relevant purpose, placed defendant's character in evidence and was prejudicial to him. The trial court erred in admitting the fingerprint card without redacting those portions which showed defendant's arrest for previous crimes. *Manor v. State*, 223 Ga. 594, 597 (14), 598 (157 SE2d 431). Compare *Williams v. State*, 184 Ga. App. 124, 125 (361 SE2d 15) and *Woodliff v. State*, 177 Ga. App. 508 (339 SE2d 777).

*Judgment reversed. Cooper, J., concurs. Beasley, J., concurs spe-*

*cially.*

BEASLEY, Judge, concurring specially.

I concur fully but wish to point out that the offenses disclosed on the fingerprint card were known to the jury. The documents evidencing defendant's indictment, conviction and sentences for these offenses were admitted as evidence that he was a recidivist (OCGA § 17-10-7). This indictment and four others on which defendant had been convicted and sentenced were admitted. As to all of these documents, but not as to the fingerprint card, the court instructed the jury to limit their consideration only to the recidivist count and not to consider them as substantive evidence of guilt or innocence as to the other counts.

This points up the problem of trying a recidivist count along with a new crime instead of bifurcating the two. Allowing the jury to determine guilt or innocence as to the new crime, without any knowledge of past crimes and, after verdict on it, trying the recidivist count, eliminates the necessity for the jurors to mentally erase the knowledge for part of their deliberations. The charge to compartmentalize information does not assure success even with conscious effort.

So here we have the jury, knowing about four convictions and some of the details of each, but by law ignoring this knowledge, while at the same time unlawfully knowing of one of these instances because of his fingerprints taken at the time of arrest. We cannot assume that the jury applied the limiting instructions to the information on the fingerprint card.

DECIDED JANUARY 25, 1993 —
RECONSIDERATION DENIED FEBRUARY 16, 1993.

*M. Ross Becton, Jr.,* for appellant.
*Spencer Lawton, Jr., District Attorney, Larry Chisolm, Assistant District Attorney,* for appellee.